FORÉS, PLAINTIFF AND APPELLEE, *v.* BALZAC, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.—Memorandum of Costs.

No. 2480.—Decided April 21, 1922.

COSTS—APPROVAL OF MEMORANDUM.—When the costs are imposed upon one of the parties it is not error for a judge who did not render the judgment to approve the memorandum of costs.

ID.—ID.—ATTORNEY FEES—LIBEL AND SLANDER.—Inasmuch as section 7 of the Act of 1902 authorizing actions to recover damages for libel and slander mandatorily provides that a judgment in favor of the plaintiff shall include attorney fees, the fact that the judgment in this case is silent with regard to such fees does not prevent their inclusion in the approved memorandum. But according to the construction given by the Supreme Court to Acts Nos. 15 and 38 of 1917 in the cases of *Zorrilla v. Orestes et al.,* 28 P. R. R. 698; *Candal et al. v. Vargas et al.,* 29 P. R. R. 603; *Betancourt v. Board of Awards,* and *People ex rel. Salgado v. López,* decided respectively on March 20 and 24, 1922, the allowance of costs and attorney fees is discretional in all civil actions; and according to the holdings in *Brac v. Ojeda et al.,* 27 P. R. R. 605, and *Ramírez v. American Railroad Company,* 28 P. R. R. 168, the allowance of costs includes attorney fees, unless they are expressly excluded; therefore, the costs having been imposed upon the appellant, it can not be held that the order approving the item of fees included in the memorandum is erroneous.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Mr. B. Forés* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action for damages for slander the appellant was adjudged to pay the plaintiff a certain sum and the costs, expenses and disbursements incurred by the plaintiff. The latter presented a memorandum of costs and it was approved. From that decision the present appeal has been taken.

The order appealed from was made by a judge who did not preside over the court when the judgment was entered, and on this ground the appellant alleges that the judge was not competent to rule on the matter of costs because only the trial judge could approve the memorandum of costs for the reason that he heard the evidence and could determine whether or not the defendant was guilty of temerity.

The appellant is not right in this assignment of error, because the question of whether or not the defendant should pay the costs was settled by the judgment of the judge who heard the evidence, and the order appealed from merely fixed the amount of the costs on the basis of the judgment.

The appellant also alleges that inasmuch as the judgment does not expressly adjudge the payment of attorney fees, this item of the memorandum can not be approved because section 7 of the Act of 1902 authorizing actions to recover damages for libel and slander provides that a judgment against a defendant shall include costs and attorney fees.

In accordance with the statute cited by the appellant, and inasmuch as the said statute imperatively provides that a judgment in favor of the plaintiff shall include attorney fees, the fact that the judgment in this case was silent with regard to attorney fees does not prevent their inclusion in the memorandum and their approval. But according to the construction given by this court to Acts Nos. 15 and 38 of 1917 in the cases of *Zorrilla* v. *Orestes et al.,* 28 P. R. R. 698; *Candal et al.,* v. *Vargas et al.,* 29 P. R. R. 603; *Betancout* v. *Board of Awards, ante,* p. 227, and *People ex rel. Salgado* v. *López, ante,* p. 241, the intention of the Legislature in the enactment of these laws was that the allowance of costs

and attorney fees should be in the discretion of the court in all civil actions; and as this court also held in the case of in *Brac* v. *Ojeda et al.,* 27 P. R. R. 605, reaffirmed in *Ramírez* v. *American Railroad Company,* 28 P. R. R. 168, wherein the said acts were considered, the allowance of costs includes attorney fees, unless they are excluded by the judge, and the costs having been imposed upon the appellant, they included attorney fees, and, therefore, the court below did not err in approving this item of the memorandum.

The appellant finally alleges that two of the items approved, one for fees of four witnesses and the other for subpoenaing them, are too general because it is not shown where they were subpoenaed nor who of them had received their fees.

As these data must appear from the record, we think it unnecessary to make the specification which the appellant finds lacking. At all events he should have moved for a specification of those items, but did not.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.